UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:13-ct-3090-D

| | |
|---|---|
| DEREK HENDRICKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUPERINTENDENT KORNEGAY, MR. ) <br> HAWKINS, DR. DAVIS, MS. HARRELL, ) <br> MR. CASINA, and DR. OWENS ) <br> ) <br> Defendants. ) | **CONSENT ORDER** |

Certain confidential documents, material, and information (hereinafter, "Confidential Information") in the possession, custody or control of the North Carolina Department of Public Safety, Division of Adult Correction (hereinafter, "the DAC") is necessary for Counsel for Defendant Marvin Casino ("Defendant Casino"), to defend against Plaintiff's allegations in the above named suit and it may be necessary that additional Confidential Information will need to be disclosed during the course of this litigation. It is anticipated that some portion of the Confidential Information relates to Plaintiff, an inmate currently or formerly in the custody of the DAC, or relates to current or former employees, contract employees or independent contractors of the DAC. The Confidential Information may involve the production of information and records including but not limited to personnel records of DAC employees deemed confidential under N.C.G.S. § 126-23 and -24, as well as medical records, incident reports, and other inmate records deemed confidential pursuant to N.C.G.S. §§ 148-74 and -76. Moreover, the information may also be confidential under 42 CFR 2.1 et seq., N.C.G.S. § 122C-52, and HIPAA. In light of

1

the confidentiality of this material, and in an effort to protect that confidentiality, the DAC requires entry of a consent order to order the release of the Confidential Information and to ensure that Confidential Information is not disclosed or used for any purpose except in connection with this litigation. In the interests of justice and to further the legitimate causes of this litigation, the DAC agrees to disclose the Confidential Information in its custody and possession to Cranfill Sumner & Hartzog, Counsel for the Defendant Casino, subject to the conditions set forth herein and adopted by the Court. Accordingly, upon the agreement of counsel, it is hereby ORDERED that:

1. **Scope of the Order**. This Order requires the DAC to disclose Confidential Information, as defined and designated in accordance with this Order, to Counsel for the Defendant. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated by the DAC as "Confidential Information."

2. **Agreement on Use of Confidential Information**. All Confidential Information, s defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, and other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish or otherwise make available.

4. **"Confidential Information."** "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which

2

are defined as follows:

    a.    "General Confidential Information" means:

        (1)    The personnel file, as that term is defined in N.C.G.S. § 126-22(3), maintained by the North Carolina Department of Public Safety ("DPS") of any current or former employee of the DPS, excluding personal information about the employee as described in Paragraph 4(b)(1);

        (2)    The medical and mental health records generated in the treatment or handling of the named Plaintiff during his incarceration within the DPS which are deemed confidential by N.C.G.S. § 148-74 and -76;

        (3)    Records generated in the housing and handling of the named Plaintiff during his incarceration within the DPS, including video recordings, which are deemed confidential by N.C.G.S. §§ 148-74 and -76;

        (4)    Inmate records of Plaintiff DEREK HENDRICKS including, but not limited to, grievances, use-of-force reports, incident reports, external and internal movement records, disciplinary reports, and infraction reports;

        (5)    The medical records maintained by the DAC pertaining to Plaintiff DEREK HENDRICKS; and

        (6)    Other documents, materials, or information that are potentially

3

Case 5:13-ct-03090-D   Document 63   Filed 09/17/14   Page 3 of 15

embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order under Rule 26(c)(1) of the Rules of Civil Procedure;

(7) Reports of, investigations into, and any findings regarding alleged incidents or denials, relating to medical treatment and care by any named Defendant against Plaintiff or anyone other than the named Plaintiff.

b. "Attorneys' Eyes Only Confidential Information" means:

(1) Personal information about any current or former employee of the DPS that is not related to the employee's job performance or duties, such as social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information;

(2) The medical and mental health records maintained by the DPS for current or former inmates of the DPS, other than the medical and mental health records of the named Plaintiff;

(3) Reports of, investigations into, and any findings regarding alleged incidents or denials, relating to medical treatment and care by DPS staff against anyone other than the named Plaintiff, except those reports of such conduct made against any named Defendant;

(4) Facility information as it relates to staffing patterns and logs, schematic or other drawings and diagrams related to facility layout, and other sensitive security information related to the Prison(s)

involved in the underlying action.

5. **Disclosure of Information.**

   a. **Disclosure of General Confidential Information**. General Confidential Information shall not be disclosed to anyone except:

   (1) The court and its personnel;

   (2) The parties to this action as required by law and pursuant to the terms of this Order;

   (3) Cranfill Sumner & Hartzog, Counsel for the Defendant to this action and employees and/or vendors of Cranfill, Sumner & Hartzog;

   (4) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

   (5) Court reporters or videographers engaged to record depositions, hearing or the trial of this action;

   (6) Members of the Inmate Grievance Resolution Board;

   (7) Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter; and

   (8) The Defendant's insurer, if any.

   b. Disclosure of Attorneys' Eyes' Only Confidential Information. Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

5

(1) The court and its personnel;

(2) Counsel for the parties to this action and employees of said counsel;

(3) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

(4) Court reporters or videographers engaged to record depositions, hearings, or the trial in this action; and

(5) The Defendant's insurer, if any.

6. **Confidentiality Agreements**. Before Confidential Information is disclosed to any vendors of Cranfill Sumner & Hartzog, as well as any person described in Paragraphs 5(a)(4) and 5(b)(3) of this Order, Cranfill Sumner & Hartzog, Counsel for the Defendant, shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. Cranfill Sumner & Hartzog, Counsel for the Defendant, shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the DAC and Counsel for the Defendant, Cranfill Sumner & Hartzog or upon order of the court.

7. **Designation of Confidential Information**. Information shall be designated as Confidential Information in the following manner:

a. In the case of information reduced to paper form, the designation shall be

6

made:

      (1)    by placing the appropriate legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for General Confidential Information OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for Attorneys' Eyes Only Confidential Information, on each page containing such information or;

      (2)    by such other means as agreed to by the DAC and Co-Counsel for the Defendant. Counsel for the DAC shall designate the documents as confidential at or before the time of the disclosure.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information or Attorneys' Eyes Only Confidential Information:

      (1)    by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying the Bates or other page number the particular information being designated or;

      (2)    by such other means a agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under

7

this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c.  In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information or Attorneys' Eyes Only Confidential Information by either:

   (1)  identifying on the record at the deposition the information that is to be treated as Confidential Information or;

   (2)  marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as Attorneys' Eyes Only Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 7(a), and the first page of the deposition transcript shall be labeled in a manner that

8

makes it readily apparent that the transcript contains Confidential Information.

    d.    Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on Cranfill Sumner & Hartzog, Counsel for the Defendant. The notice shall, where applicable, specify by Bates or other page number the particular information designated.

8.    **Disputes over Designations**. If Cranfill Sumner & Hartzog, Counsel for the Defendant, objects to the designation of any information as confidential, Cranfill Sumner & Hartzog, Counsel for the Defendant and Counsel for the DAC shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9.    **Inadvertent Disclosure of Confidential Information**. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10.    **Filing of Confidential Information Under Seal**. At the time that confidential information is produced to Cranfill Sumner & Hartzog, Counsel for the Defendant

9

Casino, counsel for the DAC will indicate, in writing, if any of the confidential information being produced is of the type that should be filed with the Court as a proposed sealed document. If such indication is given, Cranfill Sumner & Hartzog, Counsel for the Defendant shall file the document as a proposed sealed document along with a motion to seal and supporting memorandum indicating the basis under which the DAC determined that the document should be filed under seal. If Counsel for the DAC determines that the document should be filed as a proposed sealed document, Counsel for the DAC agrees the determination as set forth in this paragraph will be narrow in scope and any such determination will be consistent with the manner in which the attorneys in the Public Safety Section of the North Carolina Department of Justice file the same or similar documents in 42 USC § 1983 cases involving the medical care of inmates. If no such indication is given by Counsel for the DAC, Cranfill, Sumner & Hartzog, Counsel for Defendant Casino, may file the confidential information with the Court without the need to file such confidential information as a proposed sealed document. Each time a party is to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and supporting memorandum of law specifying:

    a.    The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

    b.    Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First amendment presumption to access;

c.  The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

   d.  The reasons why alternatives to sealing are inadequate; and

   e.  Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Before ruling on any motion to seal, the court will give public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the DAC and those interests favoring public access to judicial documents and records, and only finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information issue.

11. **Authors/Recipients**. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. **Return of Confidential Information**. Following the conclusion of this action, including any appeals, Cranfill Sumner & Hartzog, Counsel for the Defendant, shall request that any Confidential Information provided to any vendors of Cranfill Sumner & Hartzog as well as any person described in Paragraphs 5(a)(4) and 5(b)(3) of the Order be

11

returned or shredded. Cranfill Sumner & Hartzog, Counsel for the Defendant, shall destroy any Confidential Information provided by the DAC in accordance with the Rules of Professional Conduct of the North Carolina State Bar and/or any professional liability policy requirements which provide coverage for the services of Cranfill Sumner & Hartzog and/or Counsel for the Defendant. If any vendor of Cranfill Sumner & Hartzog, any person identified in Paragraphs 5(a)(4) and 5(b)(3) of this Order, or Cranfill Sumner & Hartzog itself elects to destroy the Confidential Information rather than give it to Counsel for the DAC, Cranfill Sumner & Hartzog, Counsel for the Defendant Casino shall provide to counsel for the DAC a signed certification that the Confidential Information has been destroyed or will be destroyed in accordance with the file retention policy of Cranfill Sumner & Hartzog, Counsel for the Defendant Casino. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1, E.D.N.C.

13. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. **Modification.** This Order is without prejudice of the right of the DAC and/or Cranfill Sumner & Hartzog, Counsel for the Defendant, to seek modification or amendment of the Order by Motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

12

BASED UPON the foregoing, it is therefore FURTHER ORDERED that Cranfill Sumner & Hartzog, Counsel for the Defendant, will observe the requirements of this Order as to Confidential Information produced by the DAC as required by this Order.

This the 17 of September, 2014.

*(signature)*
Robert B. Jones, Jr
United States Magisrtrate Judge

WE CONSENT:

ROY COOPER
Attorney General

/s/ Judith M. Estevez
JUDITH M. ESTEVEZ
Asst. Attorney General
N.C. Bar No. 45218
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6500
E-mail: jestevez@ncdoj.gov


/s/Ginger Hunsucker
State Bar No. 31378
Attorney for Defendant
P.O. Box 27808
Raleigh, NC 27611-7808
919-828-5100 (main)
919.863.8706 (direct)
919.863.3452 (direct fax)
E-mail : ghunsucker@cshlaw.com

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Consent Order governing the Confidential Information in the case of *Derek Hendricks v. Marvin Casino et. al., Civil Action No. 5:13-ct-3090*, in the Eastern District of North Carolina, Western Division, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record or to destroy not later than 30 days after notification of the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____        _____

Signature                            Date

15

Case 5:13-ct-03090-D   Document 63   Filed 09/17/14   Page 15 of 15